# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02361-JWH-JDE | Date | May 10, 2021 |
| Title | Swaniketa Lecole Brown v. Warden Pallares, et al. | | |

Present: The Honorable  John D. Early, United States Magistrate Judge

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| n/a | n/a |

**Proceedings:**   (In Chambers) Order to Show Cause Re Dismissal

On March 17, 2021, Petitioner Swaniketa Lecole Brown ("Petitioner"), proceeding pro se and at the time in a California state prisoner, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (Dkt. 1, "Petition"), challenging her 2018 conviction in the Los Angeles County Superior Court.

On March 23, 2021, after reviewing the Petition consistent with its authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court found the Petition defective in two respects: (1) Petitioner failed to pay the $5 filing fee or seek leave to proceed in forma pauperis; and (2) the Petition was unclear as to what grounds were raised and against whom those grounds was asserted. Dkt. 7 ("Order"). The Court ordered Petitioner to: (1) within 30 days either pay the filing fee or submit a request to proceed in forma pauperis; and (2) either within 14 days file a "Notice of Intent" to proceed with the current Petition or, within 30 days, file a First Amended Petition asserting all intended grounds for relief with the proper respondent. Id. at 2.

Petitioner timely paid the $5 filing fee but did not timely file either a Notice of Intent to proceed with the current Petition or a First Amended Petition. As a result, Petitioner has not complied with the Order.

Further, two items of mail from the Court served upon Petitioner at her address of record, including the Order, have been returned by the United States Postal Service as undeliverable, with a return stamp "Inmate Discharged or Paroled." See Dkt. 9, 10. Id. Local Civil Rule 41-6 provides:

> A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-02361-JWH-JDE | Date | May 10, 2021 |
|---|---|---|---|

| Title | Swaniketa Lecole Brown v. Warden Pallares, et al. |
|---|---|

More than 45 days have passed since the Court served those returned items upon Petitioner and Petitioner has not filed a notice of change of address.

Petitioner has failed to comply with Local Civil Rule 41-6, rendering the case subject to dismissal. Petitioner separately has obligations to comply with Court orders and prosecute her action, obligations that have not been met.

Petitioner is therefore provided notice that if Petitioner does not, <u>within 14 days from the date of this Order</u>, file (1) a notice of change of address in compliance with Local Civil Rule 41-6 <u>and</u> (2) comply with the Order by either filing a Notice of Intent to proceed with the existing Petition or file a First Amended Petition that properly states each ground Petitioner intends to pursue, the action is subject to dismissal without prejudice for violation of Local Civil Rule 41-6, failure to comply with Court orders, and failure to prosecute.

IT IS SO ORDERED.